UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO.: 4:19-cv-00162-MW-MAF

ELIZABETH      FREDERICK,      as
Personal Representative of the Estate of
Jennifer Casey Norred and on behalf of
the  survivors,  Elizabeth  Frederick,
Mother  and  William  James  Norred,
Father,

      Plaintiff,

v.

WALTER  MCNEIL,  Sheriff  of  Leon
County,  Florida,  CORIZON,  LLC,  a
Health  Services  Corporation,  MARIA
LILIAN  GARCIA,  M.D.,  KIMBERLY
PETERSEN,  DEBBIE  SELLERS  and
MISTY       ROBERTSON,       in       their
individual capacities.

      Defendants.

                                /

## JOINT PRETRIAL STIPULATION

The undersigned attorneys met pursuant to the Court's Order [ECF #129] to

discuss the matters mentioned in the order and the Parties having previously

reached impasse in mediation, stipulate as follows:

    **A.**    **The Basis of federal jurisdiction:**

The only remaining claim is a 42 U.S.C. § 1983 individual liability claim for

violation of decedent Jennifer Casey Norred's ("Norred") 14th Amendment due

process rights. This Court has jurisdiction under 28 U.S.C. § 1331 as the claim arises under the Constitution and laws of the United States.

**B.     A concise statement of the nature of the action:**

This is a 14th Amendment pretrial detention claim regarding Norred's July 24, 2017 suicide while detained in the Leon County Jail.

**C.     A brief general statement of each party's case:**

Plaintiff contends that Norred presented a risk of serious harm to herself, of which risk Defendant Misty Robertson had actual knowledge. Despite knowing the substantial risk of serious harm, Robertson failed to provide Norred necessary care in deliberate indifferent to that risk of suicide.

Robertson contends the suicide was unforeseeable, as Norred denied any intention to harm herself, and Norred was provided care within constitutional requirements.

**D.     A list of all exhibits to be offered at the trial noting any objections thereto and the grounds for each objection. <u>Any objections not listed will be deemed waived.</u>**

Plaintiff's Exhibit List, with objections, is attached as Exhibit A.

Defendant Robertson's Exhibit List, with objections, attached as Exhibit B.

The parties stipulate to the authenticity of the records in each parties' respective exhibit list and agree that no records custodian will be required to

authenticate any of the listed exhibits.

**E.     A list of <u>all</u> witnesses, including rebuttal and expert, intended to be called at the trial by each party. Witnesses addresses must be provided to opposing counsel, but NOT be included in the pretrial stipulation as filed. Expert witnesses shall be designated as such.**

Plaintiff's Witness List is attached as Exhibit C;

Robertson's Witness List attached as Exhibit D;

**F.     A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions.**

Norred was detained in the Leon County Jail from April 2, 2017 until July 24, 2017, when she committed suicide.

Robertson was a licensed mental health counselor and provided services to Norred while she was in the jail.

**G.     A concise statement of those issues of law upon which there is agreement.**

The claim is analyzed as deliberate indifference to a serious risk of self-harm under the Fourteenth Amendment.

Defendant Misty Robertson acted under of color of law with regard to the provision of services to Norred while she was in the jail.

**H.      A concise statement of those issues of fact which remain to be litigated.**

Whether Norred expressed an intention to harm herself.

Whether Robertson drew the conclusion that Norred intended to harm herself.

Whether Robertson, with knowledge of Norred's intent, failed to take reasonable action to prevent the suicide.

Whether Robertson, with knowledge of Norred's suicidal tendencies and the feasibility of suicide in the context of Norred's surroundings, disregarded a strong likelihood that Norred would commit suicide.

**I.      A concise statement of those issues of law which remain for determination by the Court.**

During this litigation, Robertson's personal liability for a potential verdict was discharged through bankruptcy. The Plaintiff contends there is insurance coverage for a potential verdict. Robertson disagrees. Plaintiff intends to move to include Robertson's insurers on the final judgment in this case pursuant to section 627.4136(4), Florida Statutes, prior to trial.

**J.      A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure.**

None

**K.**	**A list of all motions or other matters which require action by the Court.**

The only outstanding motion is the Plaintiff's Omnibus Motion in Limine [ECF #137], to which Robertson responded [ECF #141].

**L.**	**A statement whether this is now a jury or a non-jury case.**

This is a jury case.

**M.**	**Counsel's respective estimates of the length of the trial.**

The parties agree on an estimated length of four days.

Respectfully submitted this 9th day of September, 2022.

/s/ James V. Cook
James V. Cook
FL Bar No: 0966843
James V. Cook, PA
*Attorneys for Plaintiff*
314 W. Jefferson Street
PO Box 10021 [32302]
Tallahassee, FL 32301-1608
P: 850-222-8080
F: 850-561-0836
E: cookjv@gmail.com

/s/ James M. Slater
James M. Slater
Slater Legal PLLC
*Attorneys for Plaintiff*
113 S. Monroe Street
Tallahassee, FL 32301
P: 305-523-9023
E: james@slater.legal
eservice@slaterlegal.com

/s/ Gregg A. Toomey
Gregg A. Toomey
FL Bar No: 159689
THE TOOMEY LAW FIRM LLC
*Attorneys for Defendant Robertson*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com,
alr@thetoomeylawfirm.com, and
hms@thetoomeylawfirm.com