## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the

question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

1

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Elizabeth Frederick, the mother, claims the Defendant, Misty Robertson violated Jennifer Casey Norred's federal constitutional rights by failing to prevent Jennifer Casey Norred from committing suicide. Misty Robertson denies those claims and contends that Jennifer Casey Norred denied being suicidal and was provided with a means for treatment.

<u>Burden of proof</u>:

Elizabeth Frederick, the mother, has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Elizabeth Frederick, the mother, must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Elizabeth Frederick, the mother, and the evidence favoring Misty Robertson on opposite sides of balancing scales, Elizabeth Frederick, the mother, needs to make the scales tip to her side. If Elizabeth Frederick, the mother, fails to meet this burden, you must find in favor of Misty Robertson.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as

1

Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

1

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Elizabeth Frederick, the mother, will present her witnesses and ask them questions. After Elizabeth Frederick, the mother, questions the witness, Misty Robertson may ask the witness questions – this is called "cross-examining" the witness. Then Misty Robertson will present her witnesses, and Elizabeth Frederick, the mother, may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

1

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

**3.1 Introduction**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

**3.2 The Duty to Follow Instructions – No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

### 3.3 Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**
No annotations associated with this instruction.
Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.


Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

### 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Elizabeth Frederick, the mother, to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Elizabeth Frederick, the mother's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Elizabeth Frederick, the mother.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Elizabeth Frederick, the mother's claim by a preponderance of the evidence, you should find for the Misty Robertson as to that claim.

<u>**ANNOTATIONS AND COMMENTS**</u>
No annotations associated with this instruction.
Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

<u>**ANNOTATIONS AND COMMENTS**</u>
No annotations associated with this instruction.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

1

**5.8**

**Civil Rights – 42 U.S.C. § 1983 Claims – Eighth or Fourteenth Amendment
Claim – Convicted Prisoner or Pretrial Detainee Alleging Deliberate
Indifference to Serious Medical Need**

In this case, Elizabeth Frederick, the mother, claims that Misty Robertson, while acting under color of law, was deliberately indifferent to Jennifer Casey Norred's serious medical need and caused injury to her in violation of her Fourteenth Amendment rights.

The United States Constitution provides that anyone who is imprisoned is entitled to necessary medical care, and a corrections officer violates that right by being deliberately indifferent to a pretrial detainee's known serious medical need.

To succeed on this claim, Elizabeth Frederick, the mother, must prove each of the following facts by a preponderance of the evidence:

First:     That Jennifer Casey Norred had a serious medical need;

Second:  That Misty Robertson knew that Jennifer Casey Norred had a serious medical need that posed a risk of serious harm;

Third:    That Misty Robertson failed to provide necessary medical care for Jennifer Casey Norred's serious medical need in deliberate indifference to the risk of serious harm;

Fourth:  That Misty Robertson's conduct caused Jennifer Casey

Norred's injuries; and

Fifth:    That  Misty  Robertson  acted  under  color  of  law.  The parties have  agreed  that Misty Robertson acted under  color of law, so you should accept that as a proven fact.

For the first element, Elizabeth Frederick, the mother, must prove a serious medical need.  A "serious medical need" is a medical condition that a physician has diagnosed as requiring treatment or a medical condition that is so obvious that even a lay person would easily recognize the need for medical care. In either case, the medical condition must have posed a substantial risk of serious harm to Jennifer Casey Norred if left unattended.

For the second element, you must determine whether Misty Robertson actually knew Jennifer Casey Norred had a serious medical need and required immediate attention. Put another way, it is not enough to show that Misty Robertson was careless or neglected her job duties and should have known about Jennifer Casey Norred's need. And it is not enough to show that a reasonable person would have known of the serious medical need. However, you may find from circumstantial evidence that Misty Robertson knew about the risk of serious harm. Further, if the risk of serious harm was obvious, you may, based on that, find that Misty Robertson knew about that risk.

For the third element, to decide whether Misty Robertson was deliberately

indifferent to Jennifer Casey Norred's serious medical need, you may consider all the relevant circumstances including the seriousness of Jennifer Casey Norred's injury, the length of any delay in providing Jennifer Casey Norred medical care, and the reasons for any delay. But the law does not require that Jennifer Casey Norred receive the most advanced medical response to her serious medical need.

For the fourth element, you must determine whether Misty Robertson's conduct caused Jennifer Casey Norred's injuries. Misty Robertson's conduct caused Jennifer Casey Norred's injuries if Jennifer Casey Norred would not have been injured without Misty Robertson's conduct or if Jennifer Casey Norred's injuries were worsened by Misty Robertson's conduct, and the injuries were a reasonably foreseeable consequence of Misty Robertson's conduct.

**NOTE**: Model Jury Interrogatory Forms may be found in the appendices after the last civil rights jury instruction (Pattern Instruction 5.13) for use in actions brought under 42 U.S.C. § 1983. Three types of Model Jury Interrogatory Forms are provided: (A) a simplified Interrogatory Form for use in most civil right actions; (B) an Interrogatory Form for use in actions that do not require application of the Prison Litigation Reform Act, and (C) an Interrogatory Form for use in actions that do require application of the Prison Litigation Reform Act.

### ANNOTATIONS AND COMMENTS

**l.       Eighth and/ Fourteenth Amendment**

Claims involving the mistreatment of pretrial detainees while in custody are governed by the Fourteenth Amendment's Due Process Clause, and similar claims by convicted prisoners are governed by the Eighth Amendment's Cruel and Unusual Punishment Clause. *See, e.g., Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1196 (11th Cir. 2003). Regardless, with respect "to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1574 (11th Cir. 1985); *see also Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("[D]ecisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."). Accordingly, this instruction applies to claims of deliberate indifference to serious medical need by both pretrial detainees and convicted prisoners.

## II.   Elements of Claim of Deliberate Indifference to Medical Need

The elements of this claim are derived from *Youmans v. Gagnon*, 626 F.3d 557, 563-64 (11th Cir. 2010), and *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). Specifically, a plaintiff must satisfy an objective component by showing that she had a serious medical need and a subjective component by showing that the prison official acted with deliberate indifference to that need. *See, e.g., Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). To establish the subjective component, the plaintiff must prove (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than either mere or gross negligence. *Compare Youmans*, 626 F.3d at 564 (gross negligence), *with Mann*, 588 F.3d at 1307 (mere negligence); *see also Granda v. Schulman*, 372 F. App'x 79, 82 n.1 (11th Cir. 2010) (noting the intra-circuit split regarding the degree of negligence); *Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (noting the split but concluding that *Cottrell v. Caldwell*, 85 F.3d 1480 (11th Cir. 1996), first stated the more-than-gross-negligence standard and, as the earliest case, controls). The second and third elements of the instruction address the subjective component. To avoid the issue of whether more than mere or more than gross negligence is required, the instruction suggests factors the jury can consider in determining whether a defendant was deliberately indifferent. *See Goebert*, 510 F.3d at 1327. The second element in the instruction acknowledges that subjective knowledge can be demonstrated in "the usual ways," such as "inference from circumstantial evidence," and that a factfinder may infer subjective knowledge from "the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Goebert*, 510 F.3d at 1327.

## III.   Different Types of Claims for Deliberate Indifference to Medical Needs

The paragraph explaining the third element is well-suited for a claim based on a delay in providing medical care. *See Goebert*, 510 F.3d at 1326-27; *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). However, there are other ways in which defendants may fail to provide adequate medical care. *McElligott*, 182 F.3d at 1255. For

example, a defendant may simply deny medical care altogether, *Lancaster v. Monroe Cty.*, 116 F.3d 1 4 1 9 ,  1425 (11th Cir. 1997), *overruled on other grounds by LeFrere v. Quezada*, 588 F.3d 1317, 1318 (11th Cir. 2009), or provide treatment "so cursory as to amount to no treatment at all," *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989). Thus, a court may wish to adjust the paragraph explaining the third element depending on the type of deliberate indifference claim at issue.

### IV.    Causation

For additional information regarding the instruction on causation, see the annotation following Pattern Instruction 5.3.

### V.    Damages

For the damages instruction, see Pattern Instruction 5.13.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

**5.13**

**Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Elizabeth Frederick, the mother's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Misty Robertson. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Elizabeth Frederick, the mother, does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Elizabeth Frederick, the mother, has proved them by a preponderance of the evidence, and no others: [List recoverable damages, *e.g.*:

(a)     Elizabeth Frederick, the mother's mental and emotional distress, including such mental or emotional harm that Elizabeth Frederick, the mother, is reasonably certain to experience in the future; and

[**Punitive Damages:**

If you find for Elizabeth Frederick, the mother, and find that Misty Robertson

acted with malice or reckless indifference to Jennifer Casey Norred's federally protected rights, the law allows you, in your discretion, to award Elizabeth Frederick, the mother, punitive damages as a punishment for Misty Robertson and as a deterrent to others.

Elizabeth Frederick, the mother, must prove by a preponderance of the evidence that she is entitled to punitive damages.

Misty Robertson acts with malice if her conduct is motivated by evil intent or motive. Misty Robertson acts with reckless indifference to the protected federal rights of Jennifer Casey Norred when Misty Robertson engages in conduct with a callous disregard for whether the conduct violates Jennifer Casey Norred's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Misty Robertson's financial resources in fixing the amount of punitive damages to be awarded.

## ANNOTATIONS AND COMMENTS

### I.     The Prison Litigation Reform Act of 1995 (PLRA)

Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). In the Eleventh Circuit, a prisoner or pretrial detainee who suffers a constitutional violation without more than a *de minimis* physical injury may recover nominal damages, but not compensatory or punitive damages. *See, e.g.*, *Brooks v.*

*Warden*, 800 F.3d 1295, 1307-09 (11th Cir. 2015); *Al-Amin v. Smith*, 637 F.3d 1192, 1195-99 (11th Cir. 2011) (affirming district court's exclusion at trial of evidence concerning compensatory and punitive damages where there was no evidence plaintiff suffered a physical injury); *cf. Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003) (noting the circuit split regarding the application of the PLRA's bar on damages). The "availability of declaratory or injunctive relief" as determined by the court is not affected by the PLRA. *Boxer X v. Harris*, 437 F.3d 1107, 1111 n.3 (11th Cir. 2006).

Although physical injury must be more than *de minimis* to recover compensatory and punitive damages under the PLRA, the physical injury need not be significant. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part*, 216 F.3d 970 (11th Cir. 2000) . The Eleventh Circuit has not precisely defined what constitutes *de minimis* physical injury. Case law indicates that a *de minimis* physical injury includes minor cuts and bruises. *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury); *Harris*, 190 F.3d at 1286 (holding that a forced "dry shave" was a *de minimis* injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (finding that a sore, bruised ear persisting for three days was *de minimis*). The instruction uses more than minimal injury, rather than more than *de minimis* injury because it is easier for jurors to understand and conveys the same idea.

The damages limitations under the PLRA apply with equal force to claims by convicted prisoners and pretrial detainees. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322-25 (11th Cir. 2007) (applying PLRA to § 1983 claim by a pretrial detainee). However, the PLRA does not apply to lawsuits brought by individuals who are no longer in custody. *Napier v. Preslicka*, 314 F.3d 528, 531-34 (11th Cir. 2002).

## II.   Compensatory Damages

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *accord Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990). Damages may include monetary losses, such as lost wages, damaged property, and future medical expenses. *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000)). Damages also may be awarded based on "physical pain and suffering" and "demonstrated . . . impairment of reputation[] and "personal humiliation." *Slicker*, 215 F.3d at 1231. The general rule requiring plaintiffs to mitigate damages applies in actions under 42 U.S.C. § 1983. *See, e.g.*, *Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1309-10 (11th Cir. 1988). Accordingly, the instruction provides an optional bracketed charge regarding mitigation of damages.

"[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker*, 215 F.3d at 1229 (emphasis omitted). Consequently, when a plaintiff does not provide any "proof of a specific, actual injury caused by" the defendant's conduct, the plaintiff is not entitled to compensatory damages. *Kelly v. Curtis*, 21 F.3d 1544, 1557 (11th Cir. 1994).

### III.   Nominal Damages

The instruction reflects the three situations identified in *Slicker*, a non-PLRA case, where an award of nominal damages is appropriate. *Slicker*, 215 F.3d at 1232.

In cases that are not subject to the PLRA, an award of nominal damages may be sufficient to justify an award of punitive damages in a § 1983 action. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177-78 & n.3 (11th Cir. 2009) (noting that if plaintiff organization is successful on its claim of a First Amendment violation permitting nominal damages, then "punitive damages may be available" as well); *Davis v. Locke*, 936 F.2d 1208, 1214 (11th Cir. 1991) (affirming award of punitive damages even though jury awarded plaintiff nominal damages but not compensatory damages).

### IV.   Punitive Damages

In order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages in § 1983 claims are not recoverable against government entities. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008). In a case brought against both individuals and government entities, the instructions should expressly state that punitive damages may be assessed only against the individual defendants for their respective conduct.

Submitted by Defendant
Frederick v. Robertson
Case No: 4:19-cv-162-MW-MAF

4