UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELIZABETH FREDERICK,

    Plaintiff,

v.

MISTY ROBERTSON,

    Defendant.

Case No. 4:19-cv-162-MW-MAF

**PLAINTIFF'S *OPPOSED* MOTION TO PERMIT[1]
TESTIMONY OF CARLESTER FRYSON AT
TRIAL AND MEMORANDUM OF LAW**

---

[1] Plaintiff moved for a writ of habeas corpus ad testificandum as to Mr. Fryson [D.E. 150], which the Court denied without prejudice [D.E. 160]. In its order denying the initial motion, the Court invited Plaintiff to more fully address the reasons for Mr. Fryson's late disclosure. Plaintiff does so here; however, Plaintiff does not seek a writ at this early stage given the new trial date of January 23, 2023. [D.E. 161]. It is highly possible that Mr. Fryson may be moved to another facility before the new trial date. Accordingly, at this stage, Plaintiff only seeks permission to call Mr. Fryson. If this relief is granted, Plaintiff will ask the Court for a writ as to Mr. Fryson closer to the trial date so as to not duplicate any efforts in obtaining his presence at trial.

Plaintiff Elizabeth Frederick, by and through her counsel, respectfully moves the Court for an order permitting the testimony at trial of Carlester Fryson (DC# N16489).

Mr. Fryson is a percipient witness who was detained at the Leon County Jail at the time of Jennifer Casey Norred's detention. He is currently in the custody of the Florida Department of Corrections. His presence at trial can only be obtained by a writ of habeas corpus ad testificandum, to the issuance of which Defendant objects. Defendant objects to Mr. Fryson's presence at trial because he was not disclosed in Plaintiff's Rule 26 disclosures. For the reasons stated below, the Court should permit Mr. Fryson's testimony at trial.

## MEMORANDUM OF LAW

### A. Legal Standard

Rule 37 provides that "the party is not allowed to use that information or witness [not disclosed under Rule 26(a)] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Munnings v. FedEx Ground Package Sys., Inc.*, No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003, at *4 (M.D. Fla. Apr. 22, 2008).

In determining whether a late witness should be excluded, this Circuit boils down the substantial justification/harmless inquiry into three factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorel Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). The first and third factors—importance and prejudice—, "together, can outweigh the second [factor]." *Romero v. Drummond*, 552 F.3d 1303, 1321 (11th Cir. 2008). And as is "often stated" by the Eleventh Circuit when considering exclusion of evidence, courts "have a strong preference for deciding cases on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).

**B. The Factors Weigh in Favor of Fryson Testifying at Trial**

Here, the factors weigh in favor of permitting Mr. Fryson's testimony and issuing a writ of habeas corpus ad testificandum to ensure his presence at trial.

**1. Mr. Fryson's testimony is important.**

Mr. Fryson presents important testimony in support of Plaintiff's claims against Misty Robertson. Mr. Fryson will testify that he

observed Jennifer Casey Norred while in restraints after her first suicide attempt. He will present direct testimony of what the officers and medical staff said to Ms. Norred, how she responded—including the tone and expression—and how medical and corrections staff physically moved Ms. Norred while still restrained, placing her at the end of the hall facing a wall. He will testify that the guards and staff antagonized Ms. Norred and told her that she was "just trying to get attention." He will also testify that in response to being placed against a wall and tormented, Ms. Norred screamed "get me out of here, "HELP," and "I won't do it no more."

Such testimony is relevant, important, and admissible at trial.

Mr. Fryson's testimony is important and relevant to show the purported "treatment" Ms. Norred received after her first suicide attempt as well as Ms. Robertson's failure to explore the sources of Ms. Norred's emotional distress or take staff antagonism into account in safeguarding Ms. Norred from a substantial risk of further self-harm.

His testimony is also admissible. His recollection that officers and medical staff told Ms. Norred that she was "just trying to get attention" and similar statements showing that the staff were trying to "rile [Ms.

Norred] up" are admissible to show the state of mind of the guards (their hostility and animosity) and the effect of those statements on Ms. Norred. *See, e.g.*, *United States v. Maestre-Polo*, No. 6:13-cr-256-Orl-37GJK, 2014 WL 688000 (M.D. Fla. Feb. 21, 2014) (explaining the "state of mind" and "effect on listener" exceptions); *see also United States v. Herrera*, 600 F.2d 502, 504 (5th Cir. 1979).

Ms. Norred's statements in response to the guards and staff are also admissible as party-opponent admissions. [*See, e.g.*, D.E. 156 at 9 (citing *Phillips v. Grady Cnty. Bd. Of Cnty. Com'rs*, 92 F. App'x 692, 696 (10th Cir. 2004))].

Mr. Fryson's testimony is critical to show how Ms. Norred was treated after her first suicide attempt and the level of Ms. Robertson's ignorance and/or indifference in determining to release Ms. Norred from direct observation to her cell. The Court should allow Plaintiff to call Mr. Fryson to tell the jury what he saw so that they can understand some of what was happening to Ms. Norred and contributing to her self-harm intent, which Defendant never bothered to elicit during her brief encounter prior to ordering her return to her cell.

## 2. Plaintiff has a valid reason for Mr. Fryson's late disclosure.

Mr. Fryson was not an obvious witness in this case, justifying Plaintiff's failure to earlier identify him. Plaintiff sought to identify witnesses who were in the women's section of the jail or in or near the observation area—the primary points where contact could have been made with Jennifer Casey Norred. But Mr. Fryson was certainly not in the women's section and was not in observation in mid- to late July 2017, when Ms. Norred was briefly under direct observation. Instead, Plaintiff's counsel's investigator recently learned that Mr. Fryson—who was in E or F dorm—had observed Ms. Norred while he was in the medical waiting area before going to an appointment.

Specifically, while preparing for trial in August, counsel's investigator had compiled a list of potential witnesses based on several sources of information, including the file in this case. A review of the FDLE reports and discovery documents in this case shows that although there was no obvious link between Mr. Fryson and Ms. Norred, some documents referenced both of their names (among others). For example, records show that Mr. Fryson was disciplined around the time Ms. Norred was removed from direct observation (which is after he

6

observed her in the restraint chair). He was also mentioned in email correspondence between jail staff regarding detainee designations. Ms. Norred was also mentioned in those emails, but there was nothing in those emails linking the two. Finally, a sergeant noted on an activity log that he had downloaded photographs related to Mr. Fryson on the same date he "burned" a set of videos depicting Ms. Norred in the restraint chair. Upon concluding to interview Mr. Fryson, counsel's investigator traveled to his institution on August 22nd to take his statement. Counsel obtained a copy of Mr. Fryson's statement on August 29th. After reviewing the statement and rendering other considerations, Plaintiff's counsel added Mr. Fryson to Plaintiff's witness list and sent a copy of Mr. Fryson's unsigned statement to defense counsel on September 9th. In that September 9th email, Plaintiff's counsel offered to cooperate with defense counsel in conducting an out-of-time deposition of Mr. Fryson. Defense counsel did not respond to that invitation.

 Immediately after the pretrial conference on September 16th, Plaintiff's counsel sent a second email to defense counsel asking if he would want to depose Mr. Fryson and offering to pay the reasonable

costs of any deposition of Mr. Fryson. Defense counsel has not responded to that email either.

Given that Mr. Fryson was not an obvious witness, that Plaintiff's counsel promptly informed defense counsel of their intention to call him as a witness, that Plaintiff's counsel has offered to facilitate and pay reasonable costs associated with a deposition of Mr. Fryson, and that the trial is now several months away, Plaintiff contends that the late disclosure is justified.

### 3. There is no prejudice to Defendant.

As to the last factor, Defendant cannot show that the late disclosure has prejudiced her. Plaintiff disclosed 61 witnesses in her Rule 26 disclosures to Defendant. Of Plaintiff's disclosed witnesses, the defendants only deposed Plaintiff, Ms. Norred's father, Plaintiff's expert, and two other individuals on damages. Some of those 61 witnesses were disclosed for their personal knowledge and treatment of Ms. Norred in the county jail. But Defendant did not depose them for that first-hand knowledge. It is likely Defendant would not have deposed Mr. Fryson either regarding his first-hand account and the Court should consider that when weighing whether Defendant has

really suffered any prejudice. *See Wallace v. NCL*, No. 09-21814-CIV-JORDAN/McALILEY, at *8 (S.D. Fla. Nov. 18, 2010) (finding no prejudice when "question[ing] whether, had Plaintiffs listed all the potential class members by name, Defendant would have chosen to depose any of them, given that Defendant did not even depose all of the named class plaintiffs, . . .").

Even so, Plaintiff has provided defense counsel with Mr. Fryson's unsworn statement and explained that Plaintiff's counsel would help coordinate the out-of-time deposition of Mr. Fryson prior to trial and pay reasonable costs if Defendant believed that was necessary (unlike the other percipient witnesses). *See Burke v. Laboratory Corporation of America*, No. 8:08-cv-2072-T-24-TGW (M.D. Fla. Sep. 25, 2009) (no prejudice because the witness could be deposed outside the discovery cutoff prior to trial). Considering that trial is now set for January 23, 2023, Defendant has ample opportunity to cure any prejudice.[2]

---

[2] By comparison, Defendant has failed to list eight of the non-expert witnesses on her trial witness list in her Fed.R.Civ.P. 26(a)(1) disclosures and failed to provide addresses, phone numbers, or substance of information for any of the witnesses in her Rule 26(a)(1) disclosures.

9

### C. Absent Substantial Justification and Harmless, There Are Other Remedies Besides Exclusion.

Even if the Court finds that the late disclosure of Mr. Fryson is neither substantially justified nor harmless, the exclusion of his testimony at trial is not the "automatic" remedy under Rule 37. *Collins v. U.S.*, No. 3:08-cv-923-J-32JRK, 2010 WL 4643279, at *5 (M.D. Fla. Nov. 9, 2010) (citing *Whetstone Candy Co., Inc. v. Nestle USA, Inc.*, No. 3:01-CV-415-J-25HTS, 2003 WL 25686830, at *3 (M.D. Fla. 2003)). That is because Rule 37(c)(1) provides the Court with alternative sanctions "[i]n addition to or instead of" the sanction of exclusion. Fed. R. Civ. P. 37(c)(1); *see also Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) ("The district court may impose other appropriate sanctions in addition to *or in lieu of* the [Rule 37(c)(1)] evidentiary sanction.") (emphasis supplied).

In such event, Plaintiff would ask the Court to impose cost-shifting as to Mr. Fryson's deposition pursuant to Rule 37(c)(1)(A). Plaintiff has already agreed to pay reasonable costs of deposing Mr. Fryson should Defendant choose to take his deposition.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit Mr. Fryson to testify at trial—without any imposition of sanctions under Rule 37. Because trial is now set for January 2023, should the Court grant the relief requested herein, Plaintiff will move for a writ of habeas corpus ad testificandum closer to the trial date to mitigate any risk of multiplying these proceedings in the event Mr. Fryson is moved to a different facility.

Dated: September 19, 2022.

                                        Respectfully submitted,

                                        LAW OFFICE OF JAMES COOK

                                        */s/ James V. Cook*
                                        James V. Cook
                                        Florida Bar No. 0966843
                                        314 West Jefferson Street
                                        Tallahassee, Florida 32301
                                        cookjv@gmail.com
                                        Tel: (850) 222-8080
                                        Fax: (850) 561-0836

                                            -and-

                                        SLATER LEGAL PLLC

                                        */s/ James M. Slater*
                                        James M. Slater
                                        Florida Bar No. 111779
                                        113 S. Monroe Street

Tallahassee, Florida 32301
james@slater.legal
Tel: (305) 523-9023

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on September 19, 2022, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James M. Slater*
James M. Slater

## Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(B), Plaintiff's counsel has conferred in good faith with counsel for Defendant by telephone on September 14, 2022. Defense counsel objects to the relief requested herein.

By: */s/ James M. Slater*
James M. Slater

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 2,200 words, inclusive of headings but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater