UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELIZABETH FREDERICK

      Plaintiff,

v.                           Case No.: 4:19-CV-00162-MW-MAF

WALTER MCNEIL, as Sheriff of
Leon County, Florida, et al.,

      Defendants.
_____/

**CORIZON HEALTH, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO JOIN CORIZON AS A DEFENDANT**

After this Court dismissed Corizon Health, Inc. ("Corizon") with prejudice, Plaintiff Elizabeth Frederick ("Plaintiff") seeks to *rejoin* Corizon, now contending that Corizon functions as a liability insurer subject to Florida's Nonjoinder Statute, Fla. Stat. §627.4136, which permits joinder of liability insurers at entry of judgment, and that she can assert her claims as a third-party beneficiary to the Self-Administration Agreement between Corizon and its insurer and the Health Services Agreement between Corizon and the Leon County Sheriff. *See* Motion to Join [ECF 151].

Plaintiff's contentions are both procedurally and substantively deficient. Plaintiff's contentions are procedurally deficient because the Nonjoinder Statute

1

applies only to liability insurers – and Corizon is not a liability insurer – and the statute permits joinder only at entry of judgment, which has not occurred here. Plaintiff's contentions are substantively deficient because she seeks to assert claims under two Corizon agreements, but she is neither a party nor a third-party beneficiary to either agreement. Plaintiff's cynical attempt to rejoin Corizon would circumvent the Court's order dismissing Corizon with prejudice and should be rejected out of hand.[1]

## ARGUMENT

### I.  Plaintiff's Motion is Procedurally Deficient.

#### A. Plaintiff Cannot Invoke the Nonjoinder Statute Because Corizon is Not a Liability Insurer.

Corizon is not a liability insurer subject to §627.4136. Plaintiff contends that Corizon has "undertaken the role" of an insurer because Corizon is responsible for a self-insured retention ("SIR") and administers claims. But neither responsibility for an SIR nor claims administration transforms Corizon into a liability insurer subject to Florida's Nonjoinder Statute.

---

[1] Plaintiff also refers to F.R.C.P. 21 but cites no authority under Rule 21 or any other federal rule permitting a court to rejoin a defendant previously dismissed with prejudice. A dismissal with prejudice "normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Moore v. Birmingham Pub. Libr.*, 559 F. App'x 847, 849 (11th Cir. 2014) (quoting *Citibank, N.A. v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1501–02 (11th Cir.1990)). *Tolbert v. Monsanto Co.*, No. 13-15621, 2015 WL 5172854 (11th Cir. Sept. 4, 2015), which Plaintiff cites, does not address joinder under Rule 21.

Courts recognize that responsibility for an SIR does not transform an entity into a liability insurer. In *North American Elite Insurance Co. v. Menard, Inc.*, a primary and excess insurance program above a $2 million SIR did not convert the retailer into an insurance company. *N. Am. Elite Ins. Co. v. Menard, Inc.*, 43 F.4th 691, 693 (7th Cir. 2022). As the court explained, "[i]nsurance, by definition, involves mitigating or shifting risk. Menard's first $2 million in liability was its own responsibility regardless of the circumstances—in other words, that amount was not insured," and Menard was not an insurer. *Id.* Similarly, a company obtaining a certificate of self-insurance under a state's motor vehicle financial responsibility law, which required either insurance or proof of financial responsibility as an alternative to insurance, did not transform a car rental company into an insurer. *Cordova v. Wolfel*, 120 N.M. 557, 559, 903 P.2d 1390, 1392 (1995). The court explained:

> Most authorities agree that self-insurance is not insurance. Insurance is a contract whereby for consideration one party agrees to indemnify or guarantee another party against specified risks. In contrast, self-insurance is a process of risk retention whereby an entity 'set[s] aside assets to meet foreseeable future losses.' A self-insurer protects itself from liability; it does not assume the risk of another.

*Id.* (citations omitted). Finally, even completely self-insured entities are not insurance companies. A former parent company could not be transformed into a liability insurer by virtue of its self-insurance program, so the former subsidiary's

3

insurers could not seek contribution for defense and indemnity expenses from the former parent company. *Truck Ins. Exch. v. Amoco Corp.*, 35 Cal.App. 4th 814, 818, 823, Cal.Rptr.2d 551, 556 (1995). Corizon's responsibility for an SIR does not transform Corizon into a liability insurer subject to the Florida Nonjoinder Statute.

Nor is Corizon a liability insurer because it administers claims. Case law is unequivocal — claims administrators are not insurance companies. Corizon could either engage a third-party claims administrator (a "TPA") to administer claims or administer claims itself. Corizon's decision to administer claims does not transform Corizon into a liability insurer any more than outsourcing claims administration to a TPA would transform that TPA into an insurance company. Florida courts recognize that TPAs are not insurers. For that reason, the contract administrators of *self*-insured ERISA plans are not "engaged in the business of insurance":

> Finally, while the record in this case does not contain details concerning the activities of contract administrators, the case law, supra, provides ample precedent to conclude that the usual activities of contract administrators—receiving, adjusting, and paying claims—is an activity that is not limited to the insurance industry, and may be performed by any entity having such administrative skills.

*Self-Ins. Inst. of Am. v. Gallagher*, No. TCA 86-7308-WS, 1989 WL 143288, at *5 (N.D. Fla. June 2, 1989). Similarly, the Southern District of Florida has noted a health plan TPA's assertion that it "does not 'insure' the health plan" because it "does not assume any of the financial risk associated with the payment of any medical expense" and "does not receive premium payments from any 'insured'

4

individual." *Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*, No. 16-23031-CIV, 2017 WL 1294907, at *1 (S.D. Fla. Feb. 2, 2017).

Other courts routinely distinguish between TPAs and insurance companies. For example, the court granted summary judgment to Sedgewick Claims Management Services, Inc., acknowledging that it was a TPA and not a liability insurer. *Wacker v. Home Depot U.S.A., Inc.*, 543 F. Supp. 2d 976, 979 (W.D. Wis. 2008) ("Sedgwick is not an insurer but is rather a third-party administrator of claims"). Likewise, courts have granted summary disposition to ESIS, Inc., a TPA for Empire Fire and Marine Insurance Company, because TPAs are not insurance companies. *See Michigan CRNA's Staffing, LLC v. ESIS, Inc.,* 20-2439-GC (Mich. Dist. Oct. 1, 2021); *BWB Reasonable and Reliable Transp., LLC v. General Motors Co.*, 2020-003467-NI (Mich. Cir. Feb. 26, 2021).

Treating Corizon, a health care company, as a regulated insurance company, would create a regulatory snarl, because Florida – like every state – imposes numerous specialized requirements on insurance companies, such as reserve requirements. The court in *Self-Insurance Institute of America* noted that TPAs are not regulated by a statute imposing obligations on "insurance companies." No. TCA 86-7308-WS, 1989 WL 143288, at *5.

5

Because neither an SIR nor claims administration transforms Corizon into a liability insurer, Plaintiff cannot invoke the Nonjoinder Statute to rejoin Corizon after this Court dismissed Corizon with prejudice.

### B. Plaintiff Cannot Invoke the Nonjoinder Statute until Entry of Judgment.

Corizon is not a liability insurer subject to Fla. Stat. § 627.4136. Even if it were (and had not previously been dismissed with prejudice), Corizon may be added as a defendant only at entry of the final judgment: "At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party[.]" Fla. Stat. § 627.4136(4).

Incredibly, Plaintiff cites § 627.4136 for the contention that "Florida substantive law explicitly permits the inclusion of an insurer on a final judgment subject to certain conditions, such as pre-judgment notice by certified mail." ECF 151 at pg. 8. Plaintiff fails to mention that one of the other "conditions" required is a settlement or judgment. Likewise, Plaintiff cites cases that fatally undermine her position. In *Allstate Insurance Co. v. Stanley*, the court granted the insurer's motion to dismiss because "the defendants cannot sue Allstate for a declaratory judgment until the defendants have obtained a settlement or judgment in the underlying state court actions against Allstate's insureds." *Allstate Ins. Co*, 282 F. Supp. 2d 1342, 1344 (M.D. Fla. 2003). *See also Hazen v. Allstate Ins. Co.*, 952 So.2d 531, 534 (Fla.

6

2d DCA 2007) ("Under the nonjoinder statute, an injured third party may not file a direct action against a liability insurer for a cause of action covered by a liability insurance policy without first satisfying either one of two conditions precedent: (1) obtaining a settlement against the insured or (2) obtaining a verdict against the insured.")

Limiting joinder until settlement or entry of judgment avoids unfair jury bias: "The purpose of the nonjoinder statute is straightforward: to ensure that the availability of insurance has no influence on the jury's determination of damages." *Geico Gen. Ins. Co. v. Lepine*, 173 So. 3d 1142, 1144 (Fla. 2d DCA 2015) (quotations omitted). Furthermore, allowing an insurer to be joined before judgment "result[s] in material and irreparable harm" to the insurer. *Id.* at 1145. Plaintiff's attempt to rejoin Corizon after its dismissal and before judgment would wrongfully influence the jury's determination of damages and cause the "material and irreparable harm" that the Florida statute specifically seeks to prevent.[2]

So, even if Corizon were to be considered an insurer, which it is not, and could be reinserted into a case in which it has been dismissed with prejudice (which it

---

[2] Plaintiff must also show that Roberts "is an insured under the terms of the liability policy for a cause of action which was covered by such policy." Failure to satisfy that condition precedent defeated a timely filed motion to join an insurance company in *State National Insurance Co. v. Robert*, 71 So. 3d 238, 241 (Fla. 4th DCA 2011); Fla. Stat. § 27.4136(1).

cannot), Corizon can be joined only at judgment. Absent judgment, Plaintiff's Motion to Join (even if meritorious, which it is not) is premature.

## II. Plaintiff's Motion is Substantively Deficient Because Plaintiff Is Not a Third-Party Beneficiary Who Can Assert Rights Under Corizon's Agreements with Other Parties.

Even if Corizon could be added at entry of judgment, Plaintiff cannot assert any rights under Corizon's Self-Administration Agreement and Corizon's Health Services Agreement because she is not a party to those agreements, and the contracting parties did not intend to primarily and directly benefit Plaintiff. "A third party is an intended beneficiary, and thus able to sue on a contract, only if the parties to the contract intended to primarily and directly benefit the third party." *Cigna Fire Underwriters Ins. Co., Inc. v. Leonard*, 645 So. 2d 28, 29 (Fla. 4th DCA 1994) (quoting *Maryland Cas. Co. v. State Dep't of Gen. Servs.*, 489 So. 2d 57, 58 (Fla. 2d DCA), *rev. dismissed*, 494 So. 2d 1151 (Fla. 1986)). To succeed as a third-party beneficiary on a breach of contract claim, Plaintiff must prove "the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party." *Andrews v. Marshall*, 845 F. App'x 849, 859 (11th Cir. 2021) (quoting *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1338 (11th Cir. 2015)). Although the agreements need not explicitly name Plaintiff as a third-party beneficiary, she must be part of a "limited class" of intended

beneficiaries.  *See Groover v. Polk Cnty. Bd. of Cnty. Comm'rs*, 460 F. Supp. 3d 1242, 1252 (M.D. Fla. 2020).

The 11th Circuit has already recognized that Corizon's contracts for the provision of health care do not bestow rights on third parties.  In *Andrews v. Marshall*, the 11th Circuit rejected a similar effort by an arrestee seeking to assert rights under Corizon's health services contract with Lee County, Florida.  845 F.App'x at 859.  Noting a disclaimer similar to the one at issue here, the court found that Corizon and the County "did not intend for a third party . . . to benefit from their agreement."  *Id*.

Neither the Self-Administration Agreement nor the Health Services Agreement shows a "clear or manifest" intent to "primarily and directly" benefit Plaintiff.  The Self-Administration Agreement specifically states that the agreement does not grant rights to third parties.  Its only reference to third parties, under the heading "Assignments: Successors: *No Third Party Rights*" (emphasis added), prohibits assignment of any rights to third parties without the other party's consent.  *See* ECF 151-1 at 28-29.  The Health Services Agreement expressly disclaims any intent to benefit third parties, stating that it is the "parties' express intention that the Agreement is intended to be for their respective benefit only and not for the benefit of others who might otherwise be deemed to constitute third-party beneficiaries hereof."

Plaintiff nevertheless contends that Corizon "promised the public it would cover these types of claims" without citing any evidence in support. Even if she provided any evidence, "[m]embership in a class tantamount to the general public is not sufficiently limited to vest a person with the status of an intended, as opposed to incidental beneficiary, of a public contract." *Btesh v. City of Maitland, Fla.,* No. 6:10-CV-71-ORL-19DAB, 2011 WL 3269647, at *41 (M.D. Fla. July 29, 2011), *aff'd,* 471 F. App'x 883 (11th Cir. 2012). Asserting that the agreements were intended to benefit the general public does not suffice. *Groover*, 460 F. Supp. at 1253.

Because Plaintiff fails to demonstrate third-party beneficiary status, she cannot assert a basis to rejoin Corizon as a defendant by relying on Corizon's agreements with other parties.

## CONCLUSION

This Court previously dismissed Corizon with prejudice and should reject Plaintiff's attempt to reinject Corizon into this case. Plaintiff's motion fails to satisfy the requirements of Florida's Nonjoinder Statute because Corizon is not a liability insurer, and, even if it were, Plaintiff cannot join Corizon until entry of judgment. And Plaintiff is neither a party nor an intended third-party beneficiary to Corizon's agreements and cannot invoke any rights under those agreements. Once again, her

motion must fail. Therefore, Corizon respectfully requests that the Court deny Plaintiff's Motion to Join Corizon as a defendant.

Respectfully submitted this the 21st day of October 2022.

**BRADLEY ARANT BOULT CUMMINGS LLP**
/s/ G. Benjamin Milam
G. Benjamin Milam  (Fla. Bar No. 88741)
Elizabeth Brusa (Fla. Bar No. 125655)
214 N. Tryon St., Suite 3700
Charlotte, NC 28202
T: (704) 338-6049| F: (704) 338-6094
bmilam@bradley.com
ebrusa@bradley.com

Katherine J. Henry
(*pro hac vice application pending*)
1615 L Street, NW
Washington, DC  20036
T:  (202) 719-8244 F:  (202) 719-8344
khenry@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will electronically provide service to all counsel of record.

/s/ G. Benjamin Milam
Attorney

## CERTIFICATE OF WORD COUNT

I hereby certify that this memorandum contains 2,486 words, exclusive of the case style, signature block, and the certificate of service, pursuant to N.D. Fla. Loc. R. 7.1(F).