UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO.: 4:19-cv-00162-MW-MAF

ELIZABETH FREDERICK, as Personal Representative of the Estate of Jennifer Casey Norred and on behalf of the survivors, Elizabeth Frederick, Mother and William James Norred, Father,

    Plaintiff,

v.

WALTER MCNEIL, Sheriff of Leon County, Florida, CORIZON, LLC, a Health Services Corporation, MARIA LILIANA GARCIA, M.D., KIMBERLY PETERSEN, DEBBIE SELLERS and MISTY ROBERTSON, in their individual capacities.

    Defendants.
_____/

### DEFENDANT MISTY ROBERSTON'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO PERMIT TESTIMONY OF CARLESTER FRYSON AT TRIAL

Defendant Misty Robertson ("Robertson") files her Response to the Plaintiff's Opposed Motion to Permit Testimony of Carlester Fryson at Trial [ECF #163] as follows:

**Background**

This case involves Norred's suicide in the Leon County Jail in July 2017. Robertson, a mental health counselor, is the only remaining defendant. A brief history is appropriate.

On July 21, 2017, Norred reportedly attempted to hang herself in her cell. She was examined by the jail physician, who found her to be in no acute distress; found her able to follow instructions; and had no swelling, abrasions or redness on her neck. Though medically normal, the physician put Norred on suicide watch. [ECF #78-1, pp. 23-25, 50, 52-53]. However, a jail lieutenant ordered her placed in a restraint chair. While restrained, Norred was regularly allowed to get out of the chair to stretch, exercise and shower. Just before her release from the chair, Norred told a registered nurse "I don't want to kill myself". "I'm OK I just had a disagreement with my Mom and Stepfather." She was released from the chair the following day, and Robertson put her on suicide watch [ECF #78-1, pp. 45, 50, 53, 59-63]. Logs were maintained by medical staff at regular intervals from 11 a.m. July 22, 2017 until 4 a.m. July 24, 2017. During this time, Norred was in Pod E [ECF #78-1, pp. 72-73]. That's an important point.

Robertson examined Norred at 7 a.m. on July 24, 2017. Norred repeated what she told the registered nurse two days previously: "I had gotten bad news from my parents so I was upset but I don't really want to kill myself. I want my clothes back." Robertson found her oriented to person, place, time and situation; her behavior

normal; her mood stable; and her thought goal directed, logical and coherent. Norred denied suicidal ideations. Robertson released her from suicide watch [ECF #78-1, pp. 45-46, 51].

Norred hung herself about three hours later. Resuscitation efforts were unsuccessful, and she was declared dead at 10:24 a.m. [ECF #78-1, p. 58].

**Argument**

Frederick filed a Motion for Writ of Habeas Corpus Ad Testificadum, seeking an order directing the Florida Department of Corrections to deliver Carlester Fryson for testimony at trial [ECF #150]. Fryson has been in FDOC custody since 2019 and has a current release date of 2066.

Fryson was not disclosed as a potential witness in any of Fredericks' Rule 26 disclosures. The Court addressed the issues during the recent pretrial conference:

> JUDGE WALKER: I just -- I don't know when y'all found that witness; why there was a delay in finding that witness; when you disclosed that witness to Mr. Toomey; did you do so as soon as you found out about him? I don't know what they are going to testify about. So the whole analysis of harm and so forth, it turns on more granular facts then I've been given.
>
> So I'm not denying your motion, and I may well ultimately grant it, but rather than having you and Mr. Toomey go back and forth -- because I'm not writing Mr. Toomey's response for him, but I can guess what he would have said. And my concern is I still wasn't going to have the facts I need. And I really don't want to set that kind of a motion for a hearing. I'd rather just have the facts I need in the paper to rule on it.
>
> So I'm going to deny that motion without prejudice to renew. But given the time constraints, I need you to tell me how quickly you can

get that motion refiled, ECF Document 150, to give me more details, consistent with what I just told you so that Mr. Toomey then can respond and we don't have a reply briefing going back and forth. I'd rather have just all the facts in front of me at once and have a motion and response.

Do you understand what I need, Mr. Slater?

MR. SLATER: Yes, Your Honor. And we'll get on that. I anticipate we can have something filed early on Monday.

[ECF #179-1, pp. 6-7].

The Court followed-up with an Order, explaining that Frederick failed to "explain why [she] failed to disclose Mr. Fryson. For example, [Frederick] does not state when she learned of Mr. Fryson or when she disclosed him" [ECF #160, p. 2].

Frederick then filed the present Motion. She explains that Fryson's testimony is important because he observed Norred's interaction with medical and security staff, who are no longer defendants, during her time in the restraint chair and are admissible as party admissions [ECF #163, pp. 3-5]. This is obviously wrong: the medical and security staff in the jail are no longer parties to this case.

Frederick then moves to the Court's stated concerns. She claims Fryson was unknown until her investigator recently discovered that he "was in E or F dorm-had observed Ms. Norred while he was in the medical waiting area before going to an appointment." She also explains that she had documents from discovery showing that Fryson and Norred were in close proximity during the pertinent time [ECF #163, pp. 6-7].

There are indeed documents that were in Frederick's possession. As part of discovery, the Sheriff's Office provided Frederick with Jail Pod Journals on September 30, 2019. According to those documents, Fryson was in Pod E on July 24, 2017, which was the day of the suicide, not when Norred was in the restraint chair. Fryson was in lockdown as punishment for making an obscene gesture. Norred was also in Pod E, as it was the morning when she was released from suicide watch [ECF #91-13, pg. 23]. Not only was this information provided to Frederick more than three years ago, she filed the documents into the summary judgment record on August 24, 2020 [ECF #91-13, pp. 23]. Fryson was known to Frederick more than three years before she sought to compel his attendance at trial; his identity was not recently discovered.

Federal Rule of Civil Procedure 26(a)(1)(A) requires disclosure of witnesses:

> In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 37(c)(1) is the enforcement mechanism for this rule, disallowing the use of an undisclosed witness at trial, "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to

disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (quotation marks omitted). There is a basic reason for the disclosure rule: "[t]he purpose of the broad discovery rules is to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Higgs v. Costa Crociere S.P.A. Company*, 969 F.3d 1295, 1305 (11th Cir. 2020). (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958)).

To decide whether to exclude an undisclosed witness, courts consider: "(1) the importance of the testimony; (2) the reason for the [plaintiff's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).

Fryson is not an important trial witness. Fredericks claims otherwise because he has information on how Robertson was treated by "medical and corrections staff" treated Norred while she was in the restraint chair [ECF #163, pp. 4-5]. But she makes no argument that Fryson observed Robertson, who had no interaction with her while she was in the restraint chair, and she is the only defendant at trial. Based on what Fredericks tells the Court, Fryson's testimony is not only unimportant—it's irrelevant and immaterial. It would be an attempt to sway a jury based on the

purported actions of others, not Robertson.

There is also no good reason for the nondisclosure, which was only made with the filing of the Motion for Writ of Habeas Corpus Ad Testificadum. Fredericks claims Fryson was only recently discovered. That is plainly untrue. Fryson appears in documents provided to Fredericks more than three years ago and in discovery. She filed those documents in the summary judgment record and cited to them in her response to the Sheriff's Motion for Summary Judgment [ECF #92, p.12], her opposition to the Corizon Defendants Summary judgment Motion [ECF #94, p. 10] and her amended response to that same motion [ECF #96, pp. 10, 16].[1] Fryson was known; he is not newly-discovered. Given all this, it's an empty argument to claim nondisclosure was substantially justified. *See Johnson v. Airbus Def. & Space Inc.*, 858 Fed. Appx. 304 (11th Cir. 2021)(finding nondisclosure unjustified where the movant knew of the witness for more than a year and before discovery closed and summary judgment motions were filed).

Prejudice is obvious—discovery ended April 2, 2020 [ECF #63]; dispositive motions were filed July 31, 2020 [ECF ##83, 85], and decided 20 months ago. Additionally, Robertson will need to disclose additional witnesses from the Sheriff's Office to show Fryson was not where he claims to have been and likely could not

---

[1] In Motion practice, Fredericks referred to ECF #91-13 as "Exhibit 14." They are the same document.

observe Norred while she was in the restraint chair.

Rule 26 makes it clear that a party's discovery obligations extend beyond mere timely disclosure, which clearly didn't happen. The obligation extends to the substance of the witness' testimony, which also didn't happen. Robertson was entitled to both, and long ago. What Fredericks seeks is not in keeping with the purpose of disclosure rules. *See, e.g.,* [United States v. Procter & Gamble Co.](), 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958) (the purpose of the broad discovery rules is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent").

Nondisclosure was neither justified nor harmless under the circumstances. Fredericks knew of Fryson years ago and her explanation for nondisclosure is implausible. Robertson had no opportunity to depose Fryson during the discovery period or before dispositive motions were filed and the late disclosure is sure to result in additional witness disclosure. The Motion should be denied.

By:    /s/ Gregg A. Toomey   
      Gregg A. Toomey
      Florida Bar No. 159689

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of October, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a copy of the foregoing electronically to the following:

James V. Cook
James V. Cook, PA
*Attorneys for Plaintiff*
314 W. Jefferson Street
PO Box 10021 [32302]
Tallahassee, FL 32301-1608
P: 850-222-8080
F: 850-561-0836
E: cookjv@gmail.com

James M. Slater
Slater Legal PLLC
*Attorneys for Plaintiff*
113 S. Monroe Street
Tallahassee, FL 32301
P: 305-523-9023
E: james@slater.legal
eservice@slaterlegal.com

Michael P. Spellman
Matthew J. Carson
Sniffen & Spellman PA
*Attorneys for Defendants McNeil*
123 N. Monroe Street
Tallahassee, FL 32301
P: 850-205-1996
F: 850-205-3004
E: mspellman@sniffenlaw.com;
mcarson@sniffenlaw.com
twylie@sniffenlaw.com
lkiser@sniffenlaw.com

Rhett Conlon Parker
Phelps Dunbar LLP
*Attorneys for Scottsdale Insurance Company*
100 S. Ashley Drive, Suite 2000
Tampa, FL 33602
P: 813-473-7550
F: 813-472-7570
E: Rhett.parker@phelps.com

G. Benjamin Milam
Elizabeth Brusa
Bradley Arant Boult Cummings LLP
*Attorneys for Corizon*
214 N. Tryon St., Suite 3700
Charlotte, NC 28202
P: 704-338-6047
F: 704-338-6094
E: bmilam@bradley.com
ebrusa@bradley.com

Michael J. Thomas
Chase E. Boswell
Pennington, P.A.
*Attorneys for Lone Star Alliance, Inc.*
215 S. Monroe Street, 2nd Floor
Tallahassee, FL 32301
P: 850-222-3533
F: 850-222-2126
E: mike@penningtonlaw.com
cboswell@penningtonlaw.com
thomasteam@penningtonlaw.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendant Robertson*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By:  ___/s/ Gregg A. Toomey_____
     Gregg A. Toomey
     Florida Bar No. 159689