UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO.: 4:19-cv-00162-MW-MAF

ELIZABETH          FREDERICK,          as
Personal Representative of the Estate of
Jennifer Casey Norred and on behalf of
the   survivors,   Elizabeth   Frederick,
Mother   and   William   James   Norred,
Father,

      Plaintiff,

v.

WALTER   MCNEIL,   Sheriff   of   Leon
County,   Florida,   CORIZON,   LLC,   a
Health   Services   Corporation,   MARIA
LILIANA          GARCIA,          M.D.,
KIMBERLY   PETERSEN,   DEBBIE
SELLERS   and   MISTY   ROBERTSON,
in their individual capacities.

      Defendants.

_____/

**DEFENDANT MISTY ROBERSTON'S
RESPONSE TO MOTION TO LIFT STAY**

Defendant Misty Robertson ("Robertson") files this Response to Motion to

Lift Stay as follows:

Frederick's Motion is perfunctory. No blame can be laid because the

bankruptcy case is a law school exam question created by an evil professor.

Frederick sued Leon County Sheriff's Office and several of its employees,

along with Corizon and its employees, including Robertson. Corizon and its

employees, excepting Robertson, were granted summary judgment in February 2021 [Doc. #112]. The Sheriff's Office and its employees settled in October 2022 and were dismissed [Doc. #181]. That left only Robertson in this case. But there was more: Robertson filed for bankruptcy and a Suggestion of Bankruptcy was filed in May 2021 [Doc. #120]. That stayed this case until that bankruptcy case was completed. In September 2021, the Robertson bankruptcy court lifted the stay for the limited purpose of pursuing a claim against insurance policies in the event Fredrick is successful in this case. The result is Robertson, the only defendant, can never be liable for a verdict in this case [Doc. ##123, 123-1, 124].

Frederick had a problem seeking insurance coverage because there wasn't one to be had. The only policy had a very large deductible, both per claim and in the aggregate, and given the policy provisions, that deductible would never be exhausted. So, Frederick attempted to rejoin Corizon as a pseudo-insurer. That motion is pending [Doc. ##155, 178]. However, given the next occurrence, it's moot.

It is moot because on February 13, 2023, Corizon filed a bankruptcy case in the Southern District of Texas. The case is captioned as *In re Tehum Care Services, Inc.* (formerly known as "Corizon Health, Inc.") and was assigned case No. 23-90086 (CML). This is not an ordinary bankruptcy case. It is extremely complicated and involves the application of Texas law and the distribution of

assets and liabilities between, amongst and across subsidiaries.

The docket contains 2635 filings, plus many exhibits. Among those is a March 3, 2025, order confirming the bankruptcy plan, which was amended by a supplement.[1] According to the plan, Corizon was dissolved, and all claims against it are subject to a bankruptcy trust as funneled through a "channeling injunction." Affiliated parties, including employees like Robertson, were released with no further liability (A-51, 76, 113). With that, claims against Corizon were extinguished.

However, extinguishing the claims against employees was seemingly subject to a condition: payment into the bankruptcy by the parties promising to cover the trust. The promise was made by "settling parties." The agreement was the payment of an initial $2 million, with the remainder to be paid over 30 months (A-77, ¶182; 91, ¶1). In the event of a default in payment, the plan provided another *seemingly* self-effective process of notice and a 5-day cure period. If not cured, the release of employees was reversed (A-91, ¶2).

On March 4, 2026, the pertinent trustee notified the bankruptcy court of a payment default and claims against employees were no longer subject to bankruptcy protection.[2] This troubled the undersigned. In cases, a notice is usually followed by court action. That does not seem to always be true in

---

[1] The order is attached as Exhibit "A." Page references are to the entire document.
[2] The notice is attached as Exhibit "B.""

bankruptcy courts. The undersigned repeatedly asked the lawyers for the pertinent trustee how it could be that Corizon remained subject to bankruptcy protection, but former employees were not. The undersigned also asked whether Frederick, who filed a claim in the bankruptcy court, was paid. After all, paid is paid, and that should be the end of this litigation. The response is currently promised within the next two weeks and is eagerly awaited.

The undersigned has spent five weeks trying to unfurl the status of bankruptcy. The result is not the picture of clarity. It seems Corizon is untouchable when it comes to liability in this case, but the undersigned cannot provide a complete roadmap to the Court regarding the legal process leading to that conclusion. Robertson might be subject to continued litigation because the bankruptcy agreement defaulted.

But there's also reality. There is no source of payment in the instance of a judgment against Robertson. Her liability was extinguished in her bankruptcy. The insurance company has no duty to pay until the deductible has been paid by Corizon. That can't happen because it is bankrupt.

The best plan is to keep this case stayed for 30 days. By then, the undersigned has fervent hope the situation will be clarified.

By:    /s/ Gregg A. Toomey
Gregg A. Toomey
Florida Bar No. 159689

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a copy of the foregoing electronically to the following:

James V. Cook
James V. Cook, PA
*Attorneys for Plaintiff*
314 W. Jefferson Street
PO Box 10021 [32302]
Tallahassee, FL 32301-1608
P: 850-222-8080
F: 850-561-0836
E: cookjv@gmail.com

James M. Slater
Slater Legal PLLC
*Attorneys for Plaintiff*
113 S. Monroe Street
Tallahassee, FL 32301
P: 305-523-9023
E: james@slater.legal
eservice@slaterlegal.com

Rhett Conlon Parker
Phelps Dunbar LLP
*Attorneys for Scottsdale Insurance Company*
100 S. Ashley Drive, Suite 2000
Tampa, FL 33602
P: 813-473-7550
F: 813-472-7570
E: Rhett.parker@phelps.com

Michael J. Thomas
Chase E. Boswell
Pennington, P.A.
*Attorneys for Lone Star Alliance, Inc.*
215 S. Monroe Street, 2nd Floor
Tallahassee, FL 32301
P: 850-222-3533
F: 850-222-2126
E: mike@penningtonlaw.com
cboswell@penningtonlaw.com
thomasteam@penningtonlaw.com

Elizabeth R. Brusa
Bradley Arant Boult Cummings LLP
*Attorneys for Corizon*
100 N. Tampa St., Suite 2200
Tampa, FL 33602
P: 813-559-5500
F: 813-229-5946
E: ebrusa@bradley.com
jbrandt@bradley.com

G. Benjamin Milam
Bradley Arant Boult Cummings LLP
*Attorneys for Corizon*
214 N. Tryon St., Suite 3700
Charlotte, NC 28202
P: 704-338-6047
F: 704-338-6094
E: bmilam@bradley.com
mdellova@bradley.com

Katherine J. Henry
Bradley Arant Boult Cummings LLP
*Attorneys for Corizon*
1615 L. Street NW, Suite 1350
Washington, D.C.
P: 202-393-7150
E: khenry@bradley.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendant Robertson*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com,
alr@thetoomeylawfirm.com, and
hms@thetoomeylawfirm.com

By:    /s/ Gregg A. Toomey
       Gregg A. Toomey
       Florida Bar No. 159689