UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO.: 4:19-cv-00162-MW-MAF

ELIZABETH FREDERICK, as Personal Representative of the Estate of Jennifer Casey Norred and on behalf of the survivors, Elizabeth Frederick, Mother and William James Norred, Father,

      Plaintiff,

v.

WALTER MCNEIL, Sheriff of Leon County, Florida, CORIZON, LLC, a Health Services Corporation, MARIA LILIANA GARCIA, M.D., KIMBERLY PETERSEN, DEBBIE SELLERS and MISTY ROBERTSON, in their individual capacities.

      Defendants.

_____/

## JOINT STATUS REPORT ON BANKRUPTCY

Plaintiff Elizabeth Frederick, as Personal Representative of the Estate of Jennifer Casey Nored and Defendant Misty Robertson ("Robertson") file this Joint Status Report regarding bankruptcy as required by this Court's April 13, 2026 Order as follows:

On February 13, 2023, Corizon, formerly a party in this case, filed a bankruptcy case in the Southern District of Texas. The case is captioned as *In re Tehum Care Services, Inc.* (formerly known as Corizon Health, Inc.) and was assigned case No. 23-90086 (CML). This is not the

ordinary bankruptcy case, but one sometimes referred to as a "Texas Two-Step." In that type of case, a parent company divides the assets and liabilities of an insolvent subsidiary between subsidiaries. The insolvent subsidiary is given the liabilities, then bankrupted. The parent then promises to fund the bankruptcy estate and keeps the assets.  To say this is unusual to the undersigned attorneys is to say far too little.

The docket contains 2659 filings, plus many exhibits. Among those is a March 3, 2025, order confirming a bankruptcy plan, which was amended by a supplement.[1] According to the plan, Corizon was to be dissolved, and all claims against it are subject to a bankruptcy trust as funneled through a "channeling injunction." Affiliated parties, including employees like Robertson, were released with no further liability (A-51, 76, 113). With that, claims against Corizon were extinguished[2].

However, extinguishing the claims against employees was subject to a condition: payment into the bankruptcy estate by the entity promising to cover the trust. The promise was made by "settling parties," primarily a company called YesCare.  The agreement was the payment of an initial $2 million, with the remainder to be paid over 30 months (A-77, ¶182; 91, ¶1). In the event of a default in payment, the plan provided a self-effective process of notice and a 5-day cure period. If not cured, the release of employees was reversed (A-91, ¶2).

On March 4, 2026, trustees notified the bankruptcy court of a payment default.[3]  According to the notice and application of the plan and confirmation order, claims against former employees, including Robertson can go forward. Claims against Corizon remain forever extinguished, and The

---

[1] The order is attached as Exhibit "A." Page references are to the entire document.
[2] There is no order to this effect in the bankruptcy court file.  After several conversations with the attorney for the pertinent trustee, it seems it is a regular practice that a debtor is considered discharged according to 11 U.S.C. §1141(d)(1)(A) upon confirmation of the bankruptcy court.
[3] The notice is attached as Exhibit "B."

claim in this case is subject to the bankruptcy court's process.

Again, there is no order making this clear. Conversations with the attorney for the bankruptcy trustee give a seeming explanation: because the bankruptcy court confirmed the agreement, it has automatic application. The current status is that claims against Corizon have been extinguished, but claims against individuals can go forward.

There have been two very-recent events:

First, on April 27, 2026, the Personal Injury/Wrongful Death Trustee and the General Unsecured Creditors Trustee filed an adversary action against YesCare, its owner Issac Lekfkowitz, and the others in the bankruptcy action. The purpose of this adversary action is to recovery the outstanding settlement amount. To date, Plaintiff is due to recover a pro rata portion of the initial funds paid by the "settling parties," and may recover additional sums should the adversary action result in recovery.

Second, on May 8, 2026, YesCare, the entity primarily tasked with funding the bankruptcy trust, declared bankruptcy in the Middle District of Florida. That threw a wrench into this case. Claims against Corizon have been extinguished, and any personal liability for a judgment by Robertson, the remaining defendant, was extinguished by her own bankruptcy. That leaves a successor liability claim against YesCare as the only[4] option to collect an eventual judgment. With YesCare's condition being less-than certain, the parties suggest the stay should remain in place.

---

[4] Plaintiff obtained a carveout in Misty Robertson's personal bankruptcy to allow her to proceed for purposes of insurance recovery. Plaintiff believes that there may be some insurance available despite Corizon's bankruptcy; however, given the adversary action and subsequent bankruptcy filing by YesCare, Plaintiff agrees that the prudent course is to let the matters in bankruptcy court play out.

/s/ Gregg A. Toomey
Gregg A. Toomey
FL Bar No: 159689
THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon, Garcia, Sellers and Robertson*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

/s/ James M. Slater
James M. Slater
FL Bar No: 111779
*Attorneys for Plaintiff*
2296 Henderson Mill Rd, NE, #116
Atlanta, GA  30345
P: 404-458-7283
E: james@slater.legal
     eservice@slaterlegal.com

/s/ James V. Cook
James V. Cook
FL Bar No: 0966843
James V. Cook, PA
*Attorneys for Plaintiff*
314 W. Jefferson Street
PO Box 10021 [32302]
Tallahassee, FL 32301-1608
P: 850-222-8080
F: 850-561-0836
E: cookjv@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13 , 2026, a true and correct copy of the foregoing was furnished via U.S. Mail to the person on the Service List below.

THE TOOMEY LAW FIRM LLC
*Attorneys for Appellees*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, and alr@thetoomeylawfirm.com.

By:  ___/s/ Gregg A. Toomey
        Gregg A. Toomey
        Florida Bar No. 159689

## SERVICE LIST

James V. Cook
James V. Cook, PA
*Attorneys for Plaintiff*
314 W. Jefferson Street
PO Box 10021 [32302]
Tallahassee, FL 32301-1608
P: 850-222-8080
F: 850-561-0836
E: cookjv@gmail.com

James M. Slater
Slater Legal PLLC
*Attorneys for Plaintiff*
113 S. Monroe Street
Tallahassee, FL 32301
P: 305-523-9023
E: james@slater.legal
eservice@slaterlegal.com

Rhett Conlon Parker
Phelps Dunbar LLP
*Attorneys for Scottsdale Insurance Company*
100 S. Ashley Drive, Suite 2000
Tampa, FL 33602
P: 813-473-7550
F: 813-472-7570
E: Rhett.parker@phelps.com

Michael J. Thomas
Chase E. Boswell
Pennington, P.A.
*Attorneys for Lone Star Alliance, Inc.*
215 S. Monroe Street, 2nd Floor
Tallahassee, FL 32301
P: 850-222-3533
F: 850-222-2126
E: mike@penningtonlaw.com
cboswell@penningtonlaw.com
thomasteam@penningtonlaw.com

Elizabeth R. Brusa
Bradley Arant Boult Cummings LLP
*Attorneys for Corizon*
100 N. Tampa St., Suite 2200
Tampa, FL 33602
P: 813-559-5500
F: 813-229-5946
E: ebrusa@bradley.com
jbrandt@bradley.com

G. Benjamin Milam
Bradley Arant Boult Cummings LLP
*Attorneys for Corizon*
214 N. Tryon St., Suite 3700
Charlotte, NC 28202
P: 704-338-6047
F: 704-338-6094
E: bmilam@bradley.com
mdellova@bradley.com